UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Nahshon Jackson,

            Plaintiff,

—v—

Tina M. Stanford, et al.,

            Defendants.



16-cv-9702 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Plaintiff Nahshon Jackson brings this suit under 42 U.S.C. § 1983 alleging violations of his constitutional rights to the free exercise of religion, to due process, and to petition the government. Defendants move to dismiss, while Mr. Jackson cross moves for default judgment. For the reasons given below, Defendants' motion is GRANTED and Plaintiff's motion is DENIED.

I. BACKGROUND

The following facts are taken from the allegations in Plaintiff's complaint, which are taken as true at this stage of the litigation. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

A. The Parties

Mr. Jackson is an adherent of the Rastafarian faith who at the time this complaint was filed was detained in Otisville Correctional Facility. Compl. ¶ 4. He has since been released. *See Jackson v. Marks*, 722 F. App'x 106, 107 n.1 (2d Cir. 2018).

Defendant Tina M. Stanford is the Chairperson of the New York State Board of Parole.

1

Compl. ¶ 6. Defendant Jeff McKoy is the Commissioner of Programs for the Department of Corrections and Community Supervision (DOCCS). *Id.* ¶ 7. Defendant Jeffery A. Hale is the Director of the DOCCS Inmate Grievance Program. *Id.* ¶ 8.

## B. Mr. Jackson's Re-Incarceration in 1992

On April 21, 1988, Mr. Jackson was sentenced to 40 months to 10 years imprisonment for First Degree Assault. Compl. ¶ 4. On September 23, 1992, Mr. Jackson was released on parole. *Id.* ¶ 37. On November 24, 1992, Mr. Jackson was arrested by his parole officer without a warrant. *Id.* ¶ 38. The parole officer did not report to the Board of Parole that he had reasonable cause to believe that Mr. Jackson had violated any of his conditions of parole. *Id.* ¶¶ 39, 45. Records from the Division of Parole indicate that Mr. Jackson was in custody without bail in Suffolk County Jail on charges of murder and robbery. *Id.* ¶ 41. The Suffolk County District Attorney's office requested that no parole violations be filed until after the completion of the criminal case and accordingly no warrant for a parole violation was issued. *Id.* ¶ 42. Because there was no allegation of a parole violation, the Board of Parole did not issue a "declaration of delinquency." *Id.* ¶ 43. Mr. Jackson contends that as a result, his parole was never legally revoked. *Id.* ¶ 46.

As to the murder and robbery charges, Mr. Jackson alleges that he never entered a guilty plea and that he was not present for the trial at which he was found guilty. *Id.* ¶ 44. Mr. Jackson further alleges that there are no official court records showing: that he appeared in Suffolk County Court and identified himself for sentencing; that a clerk or officer of the court announced his appearance or presence for sentencing; or that he was sentenced to be imprisoned beyond July 28, 1997, the maximum date for which he could be incarcerated for his original First Degree Assault conviction. *Id.* ¶¶ 47, 48.

### C. Mr. Jackson's DOCCS Grievance

After Mr. Jackson was reincarcerated, around June 25, 2013, Offender Rehabilitation Coordinator (ORC) Staff at the Upstate Correctional Facility made a "predetermined parole board decision denying [Mr. Jackson] release and holding him in prison for an additional 24 months." *Id.* ¶ 10. This determination was made through a modified New York State Division of Parole Commissioner's Worksheet, Form 9026.2. *Id.* ¶ 10. On September 16, 2013, Mr. Jackson filed a grievance requesting "a declaration that ORC Staff are not authorized to use Form 9026.2 to make parole board decisions denying inmates release." *Id.* ¶ 11. On April 30, 2014, the Central Office Review Committee granted Mr. Jackson's request in part, although he does not describe which part. *Id.* ¶ 12. However, when presented with this decision, Defendant Hale replied that he would not take any action until he received a "judicial order directly from the court." *Id.* ¶¶ 13-14. Mr. Jackson then sought a writ of prohibition from New York Supreme Court to prevent the Board of Parole from making a determination on whether Mr. Jackson "should be released on parole for life." *Id.* ¶ 15. Mr. Jackson requested various forms of relief, including an order declaring that there was no legal authorization for his incarceration. *Id.* ¶¶ 16-19. Mr. Jackson alleges that there "is no official court record showing the placement of Plaintiff's special proceeding before the Supreme Court." *Id.* ¶ 19. The New York Supreme Court dismissed his petition. *Id.* ¶ 20.

### D. Denial of Meals Consistent with Mr. Jackson's Rastafarian Faith

Pursuant to his Rastafarian faith, Mr. Jackson observes an "Ital" diet that requires food to be "served in the rawest form possible, without salts, preservatives, or condiments." *Id.* ¶ 59. Mr. Jackson had been receiving the Cold Alternative Diet, which provided natural foods consistent with his Rastafarian faith, such as "fresh tomato, cabbage, onion, cucumber, and lettuce." *Id.* ¶¶ 31-32, 60. On October 19, 2015, Defendant McKoy approved Departmental

3

Directive #4202, which Mr. Jackson alleges gave the Correctional Food & Nutritional Services Assistant Director the authority to terminate his Cold Alternative Diet and replace it with a Pilot Hot Kosher Menu. *Id.* ¶ 30. The Pilot Hot Kosher Menu provided only one Cold Alternative Diet meal on three days of the week, and two such meals on the four other days. *Id.* ¶ 56. The other meals included "precooked processed soy products and canned vegetables." *Id.* ¶¶ 58-60. Under this new policy, for three days of the week, Mr. Jackson could eat only one meal a day, depriving him of sufficient calories and causing him to lose weight. *Id.* ¶ 58.

### E. Procedural Background

Mr. Jackson filed the instant complaint on December 14, 2016. Dkt. No. 2. On December 19, 2016, Judge Colleen McMahon dismissed the complaint under the "three strikes" rule of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). Dkt. No. 4. On January 11, 2017, Mr. Jackson appealed. Dkt. No. 7. On May 17, 2018, the Second Circuit vacated the dismissal on the grounds that Mr. Jackson sufficiently alleged that this case fell under an exception to the three-strikes rule because his deprivation of food posed an "imminent danger of serious physical injury." *Jackson*, 722 F. App'x at 107. The Second Circuit also noted that Mr. Jackson's recent release from prison rendered his claims for declaratory and injunctive relief moot. *Id.* at n.1 (citing *Beyah v. Coughlin*, 789 F.2d 986, 988–89 (2d Cir. 1986)).

This case was then reassigned to Judge Richard Sullivan and then reassigned to the undersigned. On November 13, 2019, Defendants filed the instant motion to dismiss. Dkt. No. 29. On December 10, 2018, the Court provided Mr. Jackson with six additional weeks to either amend his complaint in response to Defendants' motion to dismiss or file an opposition. Dkt. 42. A copy of the Court's December 10 Order was mailed to Mr. Jackson, however the mail was later returned as undeliverable, potentially because he was no longer in the Nassau County Jail. Dkt. No. 35. As of the date of this Opinion and Order, it is unclear whether Mr. Jackson ever

4

received a copy of the Court's December 10 Order. On December 26, 2018, Mr. Jackson filed an opposition to Defendants' motion to dismiss. Dkt. No. 46. On February 1, 2019, Defendants filed a reply to Mr. Jackson's opposition. Dkt. Nos. 48 & 49.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim achieves "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, and if plaintiffs cannot "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed," *Twombly*, 550 U.S. at 570. "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011). When considering a motion to dismiss under Rule 12(b)(6), "a court must accept as true all of the [factual] allegations contained in [the] complaint[.]" *Iqbal*, 556 U.S. at 678. However, the court will not accept legal conclusions as true: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The Court also extends special solicitude to Mr. Jackson as a *pro se* plaintiff. "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal

5

quotation marks omitted). If a party is proceeding *pro se*, a court shall construe their complaint "to raise the strongest claim it suggests." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal brackets omitted).

## III. DISCUSSION

Mr. Jackson seeks declaratory, injunctive, and monetary relief under § 1983 for: (1) deprivation of liberty under the Fourteenth Amendment; (2) violation of his First Amendment right to the free-exercise of religion; and (3) violation of his First Amendment right to petition. Compl. ¶¶ 68. Defendant has moved to dismiss these claims in their entirety. As an initial matter, pursuant to the Second Circuit's decision in this case, all of Mr. Jackson's claims for declaratory and injunctive relief became moot upon his release. *See Jackson v. Marks*, 722 F. App'x at 107 n.1. As to Mr. Jackson's claims for money damages, the Court addresses each claim in turn before turning to his cross-motion for default judgment.

### A. Mr. Jackson's Fourteenth Amendment Claims are Dismissed Without Prejudice

Construing Mr. Jackson's *pro se* complaint to raise the strongest arguments that it suggests, he alleges two Fourteenth Amendment violations. First, Mr. Jackson asserts that his re-incarceration for a parole violation in 1992 was an unconstitutional deprivation of liberty under the Fourteenth Amendment. Second, he argues that the use of an improper form to make a "predetermined parole release decision" unconstitutionally deprived him of his liberty. Defendants move to dismiss these claims on various grounds.

#### 1. Mr. Jackson's Challenge to His Parole Revocation is Dismissed Without Prejudice

First, Mr. Jackson contends that his re-incarceration in 1992 was unlawful because no formal determination of delinquency was issued. Defendants argue, *inter alia*, that Mr. Jackson has failed to sufficiently allege that any of them were personally involved in this deprivation.

For the reasons stated below, the Court agrees and therefore finds it unnecessary to reach Defendants' other arguments.

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). Sufficient personal involvement can be established in five ways, referred to as the *Colon* factors:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiffs] by failing to act on information indicating that unconstitutional acts were occurring.

*Id.* (*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).

Here, the only relevant *Colon* factor that can be discerned from Mr. Jackson's complaint is that Defendant Stanford was informed of the alleged wrong yet failed to remedy it. Mr. Jackson alleges that he and his sister wrote letters to Defendant Stanford, and he "refused to either acknowledge or respond." Compl. ¶ 26-27, 29. Yet "it is well-established that an allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violations." *Higgins v. Artuz*, No. 94-cv-4810 (SS), 1997 WL 466505, at *7 (S.D.N.Y. Aug. 14, 1997) (quoting *Greenwaldt v. Coughlin*, No. 93-cv-6551 (LAP), 1995 WL 232736 at *3 (S.D.N.Y. April 19, 1995)); *see also Rivera v. Goord*, 119 F. Supp. 2d 327, 344 (S.D.N.Y. 2000) (plaintiff's allegations that "he wrote to [some defendants] complaining about the conduct of various [other defendants] and that his complaints were ignored" were insufficient to allege supervisory

7

liability). Accordingly, even drawing all inferences in his favor and construing his allegations liberally, Mr. Jackson has failed to allege Defendant Stanford's personal involvement.

### 2. Mr. Jackson's Challenge to his Parole Determination is Dismissed Without Prejudice

Second, Mr. Jackson's claim that his parole determination was predetermined and issued using the wrong form fails for similar reasons. Even drawing all reasonable inferences in his favor and construing his allegations liberally, Mr. Jackson has failed to allege that Defendant Stanford was personally involved in the alleged violation. For the same reasons as above, the allegation that Defendant Stanford ignored the letters from Mr. Jackson and his sister is insufficient to allege personal involvement.

Mr. Jackson also argues in his opposition that Defendant Stanford was grossly negligent in her oversight of the Offender Rehabilitation Coordinator staff. "A supervisor is not grossly negligent . . . where the plaintiff fails to demonstrate that the supervisor knew or should have known of a problematic pattern of employee actions." *Raspardo v. Carlone*, 770 F.3d 97, 117 (2d Cir. 2014). Furthermore, "[a] plaintiff pursuing a theory of gross negligence must prove that a supervisor's neglect caused his subordinate to violate the plaintiff's rights in order to succeed on her claim." *Id.* Yet even liberally construing his complaint and drawing all reasonable inferences in his favor, Mr. Jackson does not make any allegations supporting an inference that Defendant Stanford knew or should have known of the alleged use of an improper form or the predetermination of parole decisions.

Mr. Jackson's Fourteenth Amendment claims are therefore DISMISSED. As it is unclear whether Mr. Jackson received the Court's prior Order providing him with the opportunity to amend his complaint and in light of his *pro se* status, this dismissal is without prejudice.

8

### B. Mr. Jackson's Free Exercise Claim is Dismissed Without Prejudice

Turning to Mr. Jackson's Free Exercise claim, he alleges that Defendant McKoy's policy deprived him of sufficient food, given the dietary constraints of his Rastafarian faith. Defendants move to dismiss on the grounds that, *inter alia*, it is clear from the face Mr. Jackson's complaint that he failed to exhaust his remedies under the PLRA. The Court agrees and therefore it is unnecessary to reach Defendants' other arguments.

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Accordingly, "a district court . . . may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement." *Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016). Mr. Jackson alleges in his complaint that while he had appealed his grievance relating to his diet to the Central Office Review Committee, no decision had yet been taken. Compl. ¶ 34. It is accordingly clear from the face of the complaint that Mr. Jackson had failed to exhaust his claim. Mr. Jackson asserts in his opposition that the Central Office Review Committee has now "rendered a decision unanimously accepting in part Plaintiff's grievance action requested." Dkt. No. 46, at 6. The PLRA, however, "*requires* exhaustion of available administrative remedies *before* inmate-plaintiffs may bring their federal claims to court *at all*." *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001) (emphasis in original), *overruled on other grounds*, *Porter v. Nussle*, 534 U.S. 516, 623 (2002); *see also Fuentes v. Furco*, No. 13-CV-6846 (AJN), 2014 WL 4792110, at *3 (S.D.N.Y. Sept. 25, 2014) ("Failure to exhaust administrative remedies prior to filing suit in federal court is an absolute bar to this court's adjudication of Plaintiff's claims."). Mr. Jackson's belated compliance with the exhaustion requirement is therefore not enough to escape its grasp.

Nonetheless, because Mr. Jackson asserts that the claim is now exhausted, the Court DISMISSES his Free Exercise Clause claim without prejudice.

### C. Mr. Jackson's First Amendment Right to Petition Claim Is Dismissed with Prejudice

Finally, turning to Mr. Jackson's right to petition claim, Mr. Jackson alleges that Defendant Hale's refusal to comply with a decision by the Central Office Review Committee and Hale's failures to act on other grievances violated Mr. Jackson's First Amendment right to petition the government. However, "[w]hile the filing of grievances is constitutionally protected, the manner in which grievance investigations are conducted do not create a protected liberty interest." *Odom v. Poirier*, No. 99 CIV. 4933 (GBD), 2004 WL 2884409, at *10 (S.D.N.Y. Dec. 10, 2004) (citing cases); *see also Cancel v. Goord*, No. 00-cv-2042 (LMM), 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001) ("[I]nmate grievance procedures are not required by the Constitution and therefore a violation of such procedures does not give rise to a claim under § 1983"). Accordingly, this claim fails. Given the above caselaw, any amendment to this claim would be futile and it is therefore DISMISSED with prejudice. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC.*, 797 F.3d 160 (2d Cir. 2015) (leaving "unaltered the grounds on which denial of leave to amend has long been held proper, such as undue delay, bad faith, dilatory motive, and futility.").

### D. Mr. Jackson's Cross-Motion for Default Judgment is Denied with Prejudice

As part of his opposition to Defendants' motion to dismiss, Mr. Jackson once again moves for default judgment against Defendant Stanford. This Court previously held that Defendant Stanford is not in default, as not only had a certificate of default not been entered but Defendant Stanford had filed a motion to dismiss. Dkt. No. 47, at 6. Mr. Jackson provides no reason that would warrant reconsideration of that ruling. This motion is therefore DENIED with

prejudice.

## IV. CONCLUSION

For the reasons given above, Defendants' motion to dismiss is GRANTED. Mr. Jackson's Fourteenth Amendment and Free Exercise Clause claims are DISMISSED without prejudice, while his First Amendment right to petition claim is DISMISSED with prejudice. Finally, Mr. Jackson's motion for default judgment is DENIED with prejudice. If Mr. Jackson wishes to file an amended complaint as to the claims dismissed without prejudice, he must do so within 30 days of receiving notice of this order. Failure to do so will result in dismissal of these claims with prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

To ensure that a copy of this Opinion and Order reach Mr. Jackson, the Court will mail a copy to both of the following addresses and note the mailing on the public docket:

Nahshon Jackson
CC # 18006068
Nassau County Jail
100 Carman Ave.
East Meadow, NY 11554

Nahshon Jackson
822 Prospect Ave.
Apt. 2G
Westbury, NY 11590

SO ORDERED.

Dated: September 26, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge