```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/20/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Nahshon Jackson,

                    Plaintiff,

     –v–

Tina M. Stanford, *et al.*,

                  Defendant.

16-cv-9702 (AJN)

OPINION & ORDER

---

ALISON J. NATHAN, District Judge:

In 2016, Plaintiff Nahshon Jackson filed this case under 42 U.S.C. § 1983 alleging violations of his constitutional rights to the free exercise of religion, to due process, and to petition the government. In September 2019, the Court dismissed Plaintiff's complaint for failure to state a claim. Mr. Jackson then moved for reconsideration under Federal Rule of Civil Procedure 60. For the reasons that follow, Plaintiff's motion is DENIED.

I.      BACKGROUND

A.  The Parties

Mr. Jackson is an adherent of the Rastafarian faith who at the time this complaint was filed was detained in Otisville Correctional Facility. Compl. ¶ 4. He has since been released. *See Jackson v. Marks*, 722 F. App'x 106, 107 n.1 (2d Cir. 2018).

Defendant Tina M. Stanford is the Chairperson of the New York State Board of Parole. Compl. ¶ 6. Defendant Jeff McKoy is the Commissioner of Programs for the Department of Corrections and Community Supervision (DOCCS). *Id.* ¶ 7. Defendant Jeffery A. Hale is the Director of the DOCCS Inmate Grievance Program. *Id.* ¶ 8.

**B.  Mr. Jackson's Re-Incarceration in 1992**

On April 21, 1988, Mr. Jackson was sentenced to 40–120 months' imprisonment for First Degree Assault.  Compl. ¶ 4.  On September 23, 1992, Mr. Jackson was released on parole.  *Id.* ¶ 37.  On November 24, 1992, Mr. Jackson was arrested by his parole officer without a warrant. *Id.* ¶ 38.  The parole officer did not report to the Board of Parole that he had reasonable cause to believe that Mr. Jackson had violated any of his conditions of parole.  *Id.* ¶¶ 39, 45.  Records from the Division of Parole indicate that Mr. Jackson was in custody without bail in Suffolk County Jail on charges of murder and robbery.  *Id.* ¶ 41.  The Suffolk County District Attorney's office requested that no parole violations be filed until after the completion of the criminal case and accordingly no warrant for a parole violation was issued.  *Id.* ¶ 42.  Because there was no allegation of a parole violation, the Board of Parole did not issue a "declaration of delinquency." *Id.* ¶ 43.  Mr. Jackson contends that as a result, his parole was never legally revoked.  *Id.* ¶ 46.

As to the murder and robbery charges, Mr. Jackson alleges that he never entered a guilty plea and that he was not present for the trial at which he was found guilty.  *Id.* ¶ 44.  Mr. Jackson further alleges that there are no official court records showing: that he appeared in Suffolk County Court and identified himself for sentencing; that a clerk or officer of the court announced his appearance or presence for sentencing; or that he was sentenced to be imprisoned beyond July 28, 1997, the maximum date for which he could be incarcerated for his original First Degree Assault conviction.  *Id.* ¶¶ 47, 48.

**C.  Mr. Jackson's DOCCS Grievance**

After Mr. Jackson was reincarcerated, around June 25, 2013, Offender Rehabilitation Coordinator (ORC) Staff at the Upstate Correctional Facility made a "predetermined parole board decision denying [Mr. Jackson] release and holding him in prison for an additional 24

months." *Id.* ¶ 10.  This determination was made through a modified New York State Division of Parole Commissioner's Worksheet, Form 9026.2.  *Id.* ¶ 10.  On September 16, 2013, Mr. Jackson filed a grievance requesting "a declaration that ORC Staff are not authorized to use Form 9026.2 to make parole board decisions denying inmates release." *Id.* ¶ 11.  On April 30, 2014, the Central Office Review Committee granted Mr. Jackson's request in part, although he does not describe which part.  *Id.* ¶ 12.  However, when presented with this decision, Defendant Hale replied that he would not take any action until he received a "judicial order directly from the court." *Id.* ¶¶ 13-14.  Mr. Jackson then sought a writ of prohibition from New York Supreme Court to prevent the Board of Parole from making a determination on whether Mr. Jackson "should be released on parole for life." *Id*. ¶ 15.  Mr. Jackson requested various forms of relief, including an order declaring that there was no legal authorization for his incarceration.  *Id.* ¶¶ 16-19.  Mr. Jackson alleges that there "is no official court record showing the placement of Plaintiff's special proceeding before the Supreme Court." *Id.* ¶ 19.  The New York Supreme Court dismissed his petition.  *Id.* ¶ 20.

### D.  Denial of Meals Consistent with Mr. Jackson's Rastafarian Faith

Pursuant to his Rastafarian faith, Mr. Jackson observes an "Ital" diet that requires food to be "served in the rawest form possible, without salts, preservatives, or condiments." *Id.* ¶ 59.  Mr. Jackson had been receiving the Cold Alternative Diet, which provided natural foods consistent with his Rastafarian faith, such as "fresh tomato, cabbage, onion, cucumber, and lettuce." *Id.* ¶¶ 31-32, 60.  On October 19, 2015, Defendant McKoy approved Departmental Directive #4202, which Mr. Jackson alleges gave the Correctional Food & Nutritional Services Assistant Director the authority to terminate his Cold Alternative Diet and replace it with a Pilot Hot Kosher Menu.  *Id.* ¶ 30.  The Pilot Hot Kosher Menu provided only one Cold Alternative

Diet meal on three days of the week, and two such meals on the four other days. *Id.* ¶ 56. The other meals included "precooked processed soy products and canned vegetables." *Id.* ¶¶ 58-60. Under this new policy, for three days of the week, Mr. Jackson could eat only one meal a day, depriving him of sufficient calories and causing him to lose weight. *Id.* ¶ 58.

### E.  Procedural Background

Mr. Jackson filed this case in December 2016.  Dkt. No. 2.  On December 19, 2016, Judge Colleen McMahon dismissed the complaint under the "three strikes" rule of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).  Dkt. No. 4.  Mr. Jackson then appealed. Dkt. No. 7.  In May 2018, the Second Circuit vacated the dismissal on the grounds that Mr. Jackson sufficiently alleged that this case fell under an exception to the three-strikes rule because his deprivation of food posed an "imminent danger of serious physical injury." *Jackson*, 722 F. App'x at 107.  The Second Circuit also noted that Mr. Jackson's recent release from prison rendered his claims for declaratory and injunctive relief moot. *Id.* at n.1 (citing *Beyah v. Coughlin*, 789 F.2d 986, 988–89 (2d Cir. 1986)).

In November 2018, Defendants moved to dismiss.  Dkt. No. 29.  And in September 2019, the Court granted Defendants' motion to dismiss. *Jackson v. Stanford*, 2019 WL 4735353, at *1 (S.D.N.Y. Sept. 27, 2019).  In brief, the Court dismissed Mr. Jackson's due-process challenges to his parole revocation and parole determination because he had failed to plead the personal involvement of any Defendant. *Id.* at **3–5; *see also Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).  The Court also dismissed Mr. Jackson's Free Exercise Claim for failure to exhaust administrative remedies, dismissed his First Amendment right-to-petition claim, and denied his motion for default judgment. *Jackson*, 2019 WL 4735353, at *5.

Following the Court's decision, Mr. Jackson moved for reconsideration.  His motion is now fully briefed and before the Court.

## II.     LEGAL STANDARD

A motion for reconsideration should be granted only if the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).  "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Corines v. Am. Physicians Ins. Tr.*, 769 F. Supp. 2d 584, 594 (S.D.N.Y. 2011).  "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).  A motion for reconsideration is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998); *see also Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").  The standard for granting a motion for reconsideration "is strict and reconsideration is generally denied." *Weiss v. City of New York*, 2003 WL 21414309, at *1 (S.D.N.Y. June 19, 2003).

The Court also extends special solicitude to Mr. Jackson as a *pro se* plaintiff.  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted).  If a party is proceeding *pro se*, a court shall construe their complaint "to raise the strongest claim it suggests." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal brackets omitted).

## III.    DISCUSSION

Plaintiff raises several arguments in support of his motion for reconsideration, but none succeeds.  To begin, Plaintiff contends that he is entitled to relief under Rules 60(b)(3) and 60(b)(4).  Rule 60(b)(3) allows courts to relieve a party from a final judgment where there was "fraud . . . misrepresentation, or misconduct by an opposing party."  In order to prevail on a 60(b)(3) motion, a defendant "must show that the conduct complained of prevented the moving party from fully and fairly presenting his case."  *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004).  Evidence in support of this claim must be "clear and convincing."  *Fleming v. New York University*, 865 F.2d 478, 484 (2d Cir. 1989).  And Rule 60(b)(4) allows relief from a judgment if "the judgment is void."  "A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."  *Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 193 (2d Cir. 2006) (internal quotation marks and citation omitted).  Plaintiff contends that he is entitled to relief under these provisions because the Court's "Order dismissing Plaintiff's complaint was based upon a misrepresentation that 'Defendants Stanford, McCoy, and Mallozzi have appeared in this case and filed a responsive pleading.'"  Pl. Br., Dkt. No. 56, at 2.  Plaintiff also contends that the Court's decision was a "nullity" because Defendants were never properly served.  *Id.*

However, the Court has already rejected this very argument.  As the Court explained in June 2019, "even if service were improper, Defendants Stanford, McCoy, and Mallozzi have

6

appeared in this case and filed a responsive pleading . . . Because defective service is a waivable defense, failure to establish proper service does not deprive a court of jurisdiction to hear a case." Dkt. No. 53 at 2 (citing *Daskow v. Teledyne, Inc., Continental Prods. Div.*, 899 F.2d 1298, 1302–03 (2d Cir. 1990)). And this Court has twice recognized that Defendant Stanford "is not in default, as not only had a certificate of default not been entered but Defendant Stanford had filed a [timely] motion to dismiss." Dkt. No. 54 at 10; Dkt. No. 57 at 6. Defendants McCoy and Mallozzi have likewise appeared in this matter and are not in default. *See also Jackson*, 2019 WL 4735353, at *5 ("This Court previously held that Defendant Stanford is not in default, as not only had a certificate of default not been entered but Defendant Stanford had filed a motion to dismiss. Dkt. No. 47, at 6. Mr. Jackson provides no reason that would warrant reconsideration of that ruling."). Mr. Jackson has thus provided no evidence—let alone clear and convincing evidence—that he is entitled to relief under Rules 60(b)(3) or 60(b)(4).

Next, Mr. Jackson argues that he is entitled to relief under Rule 60(b)(6), which provides that a court may relieve a party from a judgment for "any other reason that justifies relief." "Rule 60(b)(6) relief is only available if Rules 60(b)(1) through (5) do not apply, and if extraordinary circumstances are present or the failure to grant relief would work an extreme hardship on the movant." *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012) (citing *In re Emergency Beacon Corp.*, 666 F.2d 754, 758–59 (2d Cir. 1981)).

Plaintiff however fails to identify any "extraordinary circumstances' warranting reconsideration. Instead, Mr. Jackson rests on conclusory and unsupported assertions, such as his claim that this Court exhibited "bias against [him] and favoritism towards Defendant Stanford" by "erroneously classifying Plaintiff's sister . . . as a prisoner who wrote a letter to Defendant Stanford . . ." Pl. Br. at 9–10. But Plaintiff never demonstrates how any this

purported misclassification warrants reconsideration of the Court's holding, which concerned Plaintiff's failure to state a claim under 42 U.S.C § 1983.  Mr. Jackson also raises a slew of other, largely conclusory arguments in support of his motion.  *See, e.g.*, Dkt. No. 56 at 9 ("Judge Nathan granted Defendants relief in a motion to dismiss that was submitted by an attorney who was not representing the Defendants legally under Public Officers Law § 17(4).").  Even construing these remaining arguments liberally, as the Court must, Mr. Jackson has provided no reason to revisit the Court's September 2019 motion, let alone satisfied Rule 60(b)(6)'s high standard.  His motion for reconsideration must thus be denied.

## IV.   CONCLUSION

The Court has considered the remainder of Plaintiff's arguments and, even construing them liberally, concludes that they are without merit.  Plaintiff's motion for reconsideration is therefore DENIED.  This resolves Dkt. Nos. 55 and 56.  The Clerk of Court is ordered to mail a copy of this order to the *pro se* Plaintiff and note that mailing on the public docket.

The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


SO ORDERED.

Dated: November 20, 2020
       New York, New York

_____
         ALISON J. NATHAN
       United States District Judge