UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/19/21

Nahshon Jackson,

           Plaintiff,

–v–

Tina M. Stanford, et al.,

           Defendants.

16-cv-9702 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    In 2016, Plaintiff Nahshon Jackson filed this case under 42 U.S.C. § 1983 alleging violations of his constitutional rights to the free exercise of religion, to due process, and to petition the government. In September 2019, the Court dismissed Plaintiff's complaint for failure to state a claim. *Jackson v. Stanford*, No. 16-cv-9702 (AJN), 2019 WL 4735353, at *1 (S.D.N.Y. Sept. 27, 2019). Mr. Jackson subsequently moved for reconsideration under Federal Rule of Civil Procedure 60, which this Court denied. *Jackson v. Stanford*, No. 16-cv-9702 (AJN), 2020 WL 6822984, at *1 (S.D.N.Y. Nov. 20, 2020). Mr. Jackson then moved to amend the complaint in December 2020. Dkt. No. 63. Judge Aaron issued a Report and Recommendation denying Defendant's motion and recommending that the case be closed. Dkt. No. 67. For the reasons that follow, this Court adopts in full Judge Aaron's Report and Recommendation.

**I. BACKGROUND**

    Plaintiff, who is proceeding *pro se*, commenced this case under 42 U.S.C. § 1983 in December 2016 when he was an inmate at the Otisville Correctional Facility, alleging various

1

violations of his constitutional rights.  Dkt. No. 2.  He alleged two Fourteenth Amendment violations against Defendant Tina M. Stanford, the Chairperson of the New York State Board of Parole, stemming from his re-incarceration for a parole violation in 1992 and the use of an improper parole form to make a "predetermined parole release decision."  *Id.*  This Court dismissed both claims without prejudice because Plaintiff failed to allege Stanford's personal involvement as to the first claim, and he failed to "make any allegations supporting an inference that Defendant Stanford knew or should have known of the alleged use of an improper form or the predetermination of parole decisions."  *Jackson*, 2019 WL 4735353, at *4.

Plaintiff also alleged a violation of his First Amendment right to the free exercise of religion against Jeff McKoy, the Deputy Commissioner of Programs for the New York State Department of Corrections & Community Supervision.  In particular, he alleged "that Defendant McKoy's policy deprived him of sufficient food, given the dietary constraints of his Rastafarian faith."  *Id*.  This Court dismissed the claim without prejudice because Plaintiff failed to exhaust administrative remedies before filing the case pursuant to the PLRA.

Finally, Plaintiff alleged a violation of his First Amendment right to petition against Jeffrey A. Hale, the former Director of the Inmate Grievance Program at the New York State Department of Corrections and Community Supervision who was succeeded by and substituted as a defendant by Shelley Mallozzi.  In particular, he alleged that Hale failed to act on Plaintiff's grievances and failed to comply with a decision by the Central Office Review Committee regarding a grievance.  This claim was dismissed with prejudice because any amendment would be futile—"while the filing of grievances is constitutionally protected, the manner in which grievance investigations are conducted do not create a protected liberty interest."  *Jackson*, 2019 WL 4735353, at *5.

In its opinion and order, this Court informed Plaintiff that he had 30 days from September 27, 2019, to file an amended complaint. *See id*. On October 29, 2019, Plaintiff filed a motion for reconsideration under Federal Rule of Civil Procedure 60(b), Dkt. No. 55, which this Court subsequently denied on November 20, 2020. *Jackson*, 2020 WL 6822984, at *1.

Plaintiff filed the instant motion and proposed amended complaint on December 29, 2020. Dkt. No. 63. Judge Aaron issued a Report and Recommendation on February 10, 2021, recommending that this Court deny Plaintiff's motion and close the case. Dkt. No. 67. On February 22, 2021, Plaintiff filed objections to Judge Aaron's report. Dkt. No. 69. No defendants filed opposing papers.

## II. DISCUSSION

A "district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for [a] decision," and review such a report under a "clearly erroneous" standard. *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) (internal quotation marks omitted) (citing 28 U.S.C. § 636; Fed. R. Civ. P. 72(a)). Following *Fielding*'s guidance, courts in this district have applied a "clearly erroneous" standard "to evaluate the denial of leave to amend by a magistrate judge, regardless of whether the denial foreclosed potential claims." *MPI Tech A/S v. Int'l Bus. Machines Corp.*, No. 15 Civ. 4891 (LGS) (DCF), 2017 WL 481444, at *3–4 (S.D.N.Y. Feb. 6, 2017) (collecting cases). Plaintiff objects to the Report in its entirety, arguing that Judge Aaron lacked authority to issue it because the motion is dispositive and this Court's referral came under 28 U.S.C. § 636(b)(1)(A). *See* Dkt. No. 69 at 2–3. Even assuming that Plaintiff is correct and this motion to amend is dispositive under 28 U.S.C. § 636(b)(1)(B), this Court can review the Report *de novo*. *See Champion Titanium Horseshoe, Inc. v. Wyman-*

3

*Gordon Inv. Castings, Inc.*, 925 F. Supp. 188, 189–90 (S.D.N.Y. 1996). Under that standard, the Court still adopts the Report in full as explained below.

**A. Judge Aaron's Report was not motivated by "bias and retaliation against Plaintiff."**

Plaintiff objects to the Report generally, arguing that Judge Aaron is biased against him. In particular, Plaintiff argues that Judge Aaron is retaliating against him because Plaintiff noted in his motion to amend that Judge Aaron had yet to docket a case management plan and scheduling order pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16.2. Dkt. No. 69 at 4–5. The Court has reviewed the Report and finds no evidence of bias or retaliation against Plaintiff. Rather, the Report demonstrates that Judge Aaron carefully evaluated and considered Plaintiff's claims and applied the appropriate standards of review. The Court accordingly overrules Plaintiff's objection.

**B. Judge Aaron applied the correct legal standard in assessing Plaintiff's motion for leave to amend the complaint.**

Plaintiff next objects to the Report on the grounds that Judge Aaron applied the incorrect legal standard. *See* Dkt. No. 69 at 6, 14–16. This objection is unpersuasive.

Leave to amend "should be 'freely give[n] . . . when justice so requires,' Fed. R. Civ. P. 15(a)(2), but should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016) (some internal quotation marks omitted) (alteration in original). Judge Aaron found that Plaintiff's proposed amendments are futile. "A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss." *F5 Capital v. Pappas*, 856 F.3d 61, 89 (2d Cir. 2017) (internal quotation marks omitted).

4

Judge Aaron correctly applied this legal standard in the Report. *See* Dkt. No. 67 at 4. Plaintiff argues that it was improper for Judge Aaron to find that Plaintiff's claims were subject to dismissal. Dkt. No. 69 at 15. However, the Report clearly stated that finding in the context of the futility inquiry under Fed. R. Civ. P. 15(a)(2). *See* Dkt. No. 67 at 5. It is notable that Plaintiff's counterarguments arguing that leave to amend the complaint is proper do not address the futility prong. *See* Dkt. No. 69 at 16–17 (noting that there is no bad faith, dilatory motive, repeated failure to cure, or undue prejudice). Moreover, Plaintiff's argument that Judge Aaron failed to consider Rule 61 is similarly unavailing as that Rule is inapplicable at this stage of litigation. *See* Fed. R. Civ. P. 61.

Relatedly, Plaintiff raises that Judge Aaron has not yet permitted discovery to go forward, which is why Plaintiff was unable to cure the defects in his original complaint. Dkt. No. 69 at 15–16. But the inquiry at this stage is whether Plaintiff has sufficiently alleged claims that, if true, would entitle him to relief. The unavailability of discovery is immaterial to this question, and accordingly, Plaintiff's objection is overruled.

**C. Plaintiff's proposed amended complaint fails to plead additional allegations to resolve the infirmities of the prior complaint.[1]**

Plaintiff's final objection is that the Report did not accurately assess his additional allegations. For the foregoing reasons, the Court overrules this objection.

First, as to the claims against Defendant Stanford, Judge Aaron found that Plaintiff's proposed amendments failed to address this Court's finding that Plaintiff failed to allege Stanford's personal involvement and did not "make any allegations supporting an inference that Defendant Stanford knew or should have known of the alleged use of an improper form or the

---

[1] Plaintiff objects to Judge Aaron's finding that his motion to amend the complaint was untimely. Like Judge Aaron, this Court finds that even assuming the motion was timely, it must be denied because it would be futile for Plaintiff to plead the additional allegations.

5

predetermination of parole decisions." Dkt. No. 67 at 6 (citing *Jackson*, 2019 WL 4735353, at *3–4).  Reviewing the issue *de novo*, this Court agrees with Judge Aaron's assessment.  Even applying the Second Circuit's clarified standard under *Tangreti v. Bachmann*, Plaintiff fails to "plead and prove the elements of the underlying constitutional violation *directly* against" Defendant Stanford because he only specifically alleges that Defendant Stanford failed to respond to letters.  *See Tangreti v. Bachmann*, 983 F.3d 609, 616–18, 620 (2d Cir. 2020) (emphasis added); *see also* Dkt. No. 63-1 at 5.  Plaintiff's objection is accordingly overruled.

Plaintiff next objects to the Report's finding that his amended complaint fails to remedy his failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).  Dkt. No. 69 at 12–13.  Reviewing *de novo*, this Court agrees with the Report's finding that the PLRA requires exhaustion of available administration remedies before an action is brought.  *See Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002); *see also Girard v. Chuttey*, 826 F. App'x 41, 44–45 (2d Cir. 2020).  Plaintiff filed this action on December 14, 2016.  Dkt. No. 2.  He now pleads that he exhausted administrative remedies on December 28, 2016.  Dkt. No. 63-1 at 7.  Thus Plaintiff failed to exhaust administrative remedies prior to bringing the action and any future amendment would be futile.  *See, e.g.*, *Lopez v. Cipolini*, 136 F. Supp. 3d 570, 582 (S.D.N.Y 2015) ("A plaintiff must exhaust his administrative remedies *before* filing his *initial complaint* in federal court." (second emphasis added)).

Finally, this Court previously dismissed the First Amendment claims against Defendant Hale with prejudice, finding that there was no protected liberty interest in how a grievance procedure is conducted.  *See Jackson*, 2019 WL 4735353, at *5.  Upon *de novo* review, this Court agrees with the Report's assessment that the proposed amended pleading regarding

substituted Defendant Mallozzi mirrors the original claims against Defendant Hale. *See* Compl. ¶¶ 11-14, 61; Dkt. No. 63-1 at 5. Thus, for the same reasons as stated in this Court's September 26 opinion, this Court adopts the Report's finding that any amendment to this claim would be futile.

## III. CONCLUSION

For the reasons stated above, the Court overrules the Plaintiff's objections and adopts in full Judge Aaron's Report and Recommendation. Plaintiff's motion to amend is DENIED. This resolves Dkt. No. 63. The Clerk of Court is respectfully directed to enter judgment and close the case.

The Clerk of Court is ordered to mail a copy of this order to the *pro se* Plaintiff and note that mailing on the public docket. The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. See *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: August 19, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge