```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

Nahshon Jackson,

               Plaintiff,

   –v–

Tina M. Stanford, et al.,

              Defendants.

16-cv-9702 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Before the Court is Plaintiff Nahshon Jackson's motion to be relieved from the August 20, 2021 judgment, pursuant to Federal Rules of Civil Procedure 60(b)(3) and (4). Dkt. Nos. 73, 74. For the reasons that follow, Plaintiff's motion is DENIED.

## I.    BACKGROUND

This order assumes familiarity with the factual background of this case, which is detailed in this Court's prior opinions. *See* Dkt. Nos. 54, 62, 70.

In 2016, Plaintiff filed this case under 42 U.S.C. § 1983 alleging violations of his constitutional rights to the free exercise of religion, to due process, and to petition the government. In September 2019, the Court dismissed Plaintiff's complaint for failure to state a claim but granted Plaintiff 30 days to file an amended complaint as to three of his claims. *Jackson v. Stanford*, No. 16-cv-9702 (AJN), 2019 WL 4735353, at *1 (S.D.N.Y. Sept. 27, 2019). Mr. Jackson did not file an amended complaint, but instead subsequently moved for reconsideration under Federal Rule of Civil Procedure 60, including on the grounds that the September 2019 opinion was "based on misrepresentation by Bradley G. Wilson, an attorney"

and thus "void." Dkt. No. 56. The Court denied that motion. *Jackson v. Stanford*, No. 16-cv-9702 (AJN), 2020 WL 6822984, at *1 (S.D.N.Y. Nov. 20, 2020). Mr. Jackson then moved to amend the complaint in December 2020. Dkt. No. 63. Judge Aaron issued a Report and Recommendation denying Defendant's motion and recommending that the case be closed, Dkt. No. 67, to which the Plaintiff filed objections, Dkt. No. 69. On August 19, 2021, the Court overruled those objections and adopted Judge Aaron's Report and Recommendation in full. Dkt. No. 70. Judgment was accordingly issued, and the case was closed on August 20, 2021. Dkt. No. 71.

Plaintiff filed a Notice of Appeal on August 23, 2021, Dkt. No. 72. He then filed the instant motion pursuant to Rule 60(b) on September 16, 2021. Dkt. No. 73. Defendants filed an opposition on October 12, 2021, Dkt. No. 77, and Plaintiff filed a reply in support on October 17, 2021, Dkt. No. 78. Plaintiff's appeal has been stayed pending resolution of this motion. Dkt. No. 79.

**II.    DISCUSSION**

Plaintiff seeks relief from this Court's judgment pursuant to Rule 60(b). Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff contends that he is entitled to relief under Rules 60(b)(3) and (b)(4). As noted above, Rule 60(b)(3) allows courts to relieve a party from a final judgment where there was

"fraud . . . misrepresentation, or misconduct by an opposing party." In order to prevail on a 60(b)(3) motion, a defendant "must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004). Evidence in support of this claim must be "clear and convincing." *Fleming v. New York University*, 865 F.2d 478, 484 (2d Cir. 1989). And Rule 60(b)(4) allows relief from a judgment if "the judgment is void." "A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 193 (2d Cir. 2006) (internal quotation marks and citation omitted).

Plaintiff's motion relies on arguments previously raised and rejected by this Court. *See Jackson v. Stanford*, 2020 WL 6822984, at *3–4. Plaintiff contends that that he is entitled to relief under Rule 60(b)(3) because former Assistant Attorney General Bradley Wilson "illegally and unlawfully accepted" service "on behalf of the Defendants," and thus he was "denied the right to have process served upon each Defendant by the U.S. Marshals." Dkt. No. 74 ¶¶ 8–9. He further contends that, due to this purported failure of service, this Court was deprived of personal jurisdiction over Defendants, entitling him to relief under Rule 60(b)(4). Dkt. No. 75 ¶ 10. Plaintiff's motion acknowledges that the Court has already considered and "liberally" construed his "jurisdictional argument." Dkt. No. 74 ¶ 14. In repeating previously rejected arguments, Plaintiff gives no reason for this Court to revisit its conclusion that Plaintiff has "provided no evidence—let alone clear and convincing evidence—that he is entitled to relied under Rule 60(b)(3)." *Jackson*, 2020 WL 6822984, at *3. And as to Rule 60(b)(4), this Court concluded in June 2019, Dkt. No. 53, and November 2020, Dkt. No. 62, that "even if service

were improper, Defendants Stanford, McCoy, and Mallozzi have appeared in this case and filed a responsive pleading . . . Because defective service is a waivable defense, failure to establish proper service does not deprive a court of jurisdiction to hear a case." *Id.* (quoting Dkt. No. 53 at 2) (in turn citing *Daskow v. Teledyne, Inc., Continental Prods. Div.*, 899 F.2d 1298, 1302-03 (2d Cir. 1990)). Accordingly, the Court again concludes that Plaintiff is not entitled to relief under Rules 60(b)(3) or 60(b)(4).

### III. CONCLUSION

The Court has considered the remainder of Plaintiff's arguments and, even construing them liberally, concludes that they are without merit. Plaintiff's motion to be relieved from the judgment is therefore DENIED. This resolves Dkt. No. 73.

The Clerk of Court is respectfully ordered to mail a copy of this order to the *pro se* Plaintiff and note that mailing on the public docket. The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: March 22, 2022
New York, New York

ALISON J. NATHAN
United States District Judge

4